IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUCINA H.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 7118 |
| v. | ) | |
| | ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) | Maria Valdez |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Lucina H.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 15] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 19] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On November 14, 2019, Plaintiff filed a claim for DIB, alleging disability since December 24, 2018. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on January 4, 2022, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. A Spanish interpreter was also present and was used at times to assist Plaintiff, but Plaintiff was able to testify in English at the hearing.

On April 27, 2022, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of December 24, 2018 through her date last insured of September 30, 2019. At step

two, the ALJ concluded that Plaintiff had the following severe impairments: fibromyalgia; depression; and anxiety. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: no climbing of ladders, ropes, or scaffolds; no more than occasional climbing of ramps or stairs, stooping, kneeling, crouching, or crawling; can understand, remember, and carry out simple routine instructions; can use judgment limited to simple work-related decisions; and no more than occasional interaction with the general public. At step four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a packager. Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does

3

the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of

4

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir.

2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred in rejecting the opinions of Plaintiff's treating doctors; and (2) the ALJ erred in failing to account for Plaintiff's moderate limitations in concentration, persistence, or pace.

In advancing her first argument, Plaintiff contends, *inter alia*, that the ALJ improperly discounted the opinions of Dr. Thomas Lobur, her treating psychiatrist. Because Plaintiff filed her claim in 2019, the ALJ was required to evaluate the medical opinion evidence under regulations applicable to claims filed on or after March 27, 2017. 20 C.F.R. § 404.1520c (2017). Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those

6

from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

Here, in rejecting Dr. Lobur's opinions, the ALJ provided the following reasoning:

> In an April 2021 Mental Residual Functional Capacity Assessment, Thomas Lobur, M.D. also imposed restrictions on the claimant's ability to function that would preclude her from performing any work on a full-time basis. Restrictions included the claimant being absent more than three times per month and being off-task more than 21 percent of the workday. This opinion is found to not be persuasive. The medical evidence only shows Dr. Lobur to have seen the claimant twice, once in June 2020 and again in October 2020. Both of these visitations occurred well after the claimant's date-last-insured. Furthermore, the imposed restrictions are not consistent with the lack of mental health treatment and mental health complaints reported by the claimant prior to the date-

7

> last-insured. For these reasons, this opinion is found to not be persuasive.

(R. 57-58 (citations omitted).)

As for the first reason provided by the ALJ – that Dr. Lobur had only seen Plaintiff twice before rendering his opinions – that basis is factually incorrect. As Plaintiff points out, prior to offering his opinions, Dr. Lobur in fact saw Plaintiff on six occasions spanning the better part of a year. (Pl.'s Br. at 8 (citing R. 749, 753, 1290, 1295, 1302, 1305).) Defendant appears to concede that the ALJ got it wrong, but argues that the factual mistake is of no moment because the visits occurred after Plaintiff's date last insured. (Def.'s Memo. at 5.) The Court finds that rebuttal unconvincing. Dr. Lobur specifically stated that he believed Plaintiff's conditions very likely had been present for more than two years. (R. 769.) Dr. Lobur was able to offer a retrospective medical opinion as long as it was corroborated by evidence contemporaneous with the period of eligibility. *See McHenry v. Berryhill*, 911 F.3d 866, 872 (7th Cir. 2018). That corroboration exists here because Plaintiff was complaining of the same symptoms – depression, anxiety, difficulty concentrating – during the period of eligibility. (*See* R. 560.)

As for the second reason provided by the ALJ – that Dr. Lobur's opinions were inconsistent with Plaintiff's lack of treatment prior to the date last insured – the Court finds that the ALJ did not properly assess that basis. As Plaintiff points out, she received a psychology referral in August 2019 (prior to the date last insured) and she was able to start therapy less than two months after her date last insured. (Pl.'s Br. at 8.) Moreover, Plaintiff has represented that she had difficulty

8

obtaining psychological treatment due to insurance issues and it was "difficulties with insurance that caused a delay with treatment." (*Id.* at 9.) The ALJ should have considered that Plaintiff may not have been able to afford treatment and may not have had access to free or low-cost medical services. *See* Social Security Ruling 16-3p.

Ultimately, the Court concludes that that the reasons the ALJ provided for discounting Dr. Lobur's opinions are flawed and the ALJ otherwise failed to sufficiently explicate supportability and consistency in rejecting the opinions. *Steven H. v. Kijakazi*, No. 20-CV-50181, 2022 WL 972328, at *5 (N.D. Ill. Mar. 31, 2022) ("[T]he ALJ never sufficiently addressed the key issues of consistency and supportability in addressing the medical opinions."); *Jomarie S. v. Kijakazi*, No. 20-CV-7029, 2022 WL 2105916, at *4 (N.D. Ill. June 10, 2022) ("The categorical statements made by the ALJ are not supported [by] the record in this case, and a more nuanced discussion regarding the supportability and consistency of the treating psychiatrist's opinion is necessary."). The ALJ's errors in that regard require that this matter be remanded. *See Fatime I. v. Kijakazi*, No. 20 CV 3603, 2022 WL 4605081, at *5 (N.D. Ill. Sept. 30, 2022).

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that all

9

of the medical opinions are properly assessed and Plaintiff's moderate limitations in concentration, persistence, or pace are properly accounted for.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 15] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 19] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                  **ENTERED:**

**DATE:**    **July 13, 2023**

                                            **HON. MARIA VALDEZ**
                                            **United States Magistrate Judge**